## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF GEORGIA
## STATESBORO DIVISION

| | |
|---|---|
| IN RE: | : CASE NO: 18-60016-EJC |
| | : CHAPTER: 13 |
| | : |
| **TOMMY L WILLIAMS, JR** | : |
|     **Debtor** | : |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - |
| **WILMINGTON SAVINGS FUND SOCIETY,** | : |
| **FSB D/B/A CHRISTIANA TRUST, NOT IN** | : |
| **ITS INDIVIDUAL CAPACITY BUT SOLELY** | : |
| **AS THE TRUSTEE FOR THE BROUGHAM** | : |
| **FUND I TRUST,** | : |
|     **Movant,** | : |
| | : **CONTESTED MATTER** |
| vs. | : |
| | : |
| **TOMMY L WILLIAMS, JR** | : |
| **O BYRON MEREDITH, III, Trustee** | : |
|     **Respondents.** | : |

### MOTION FOR RELIEF FROM AUTOMATIC STAY (REAL PROPERTY)

Wilmington Savings Fund Society, FSB d/b/a Christiana Trust, not in its individual capacity but solely as the trustee for the Brougham Fund I Trust ("Movant") hereby moves this Court, pursuant to 11 U.S.C. § 362, for relief from the automatic stay with respect to certain real property of the Debtor having an address of **602 Depot Drive, Statesboro, GA 30461** (the "Property"), for all purposes allowed by law, the Note (defined below), the **Security Deed** (defined below), and applicable law, including but not limited to the right to foreclose. In further support of this Motion, Movant respectfully states:

1. The Debtor has executed and delivered or is otherwise obligated with respect to that certain promissory note in the original principal amount of **$138,000.00** (the "Note"). A copy of the Note is attached hereto as Exhibit "A". Movant is an entity entitled to enforce the Note.

2. Pursuant to that certain **Security Deed** (the **"Security Deed"**), all obligations (collectively, the "Obligations") of the Debtor under and with respect to the Note and the **Security**

**Deed** are secured by the Property. A copy of the **Security Deed** is attached hereto as Exhibit "B".

3. The legal description of the Property and recording information is set forth in the **Security Deed**, a copy of which is attached hereto, and such description and information is incorporated and made a part hereof by reference.

4. As of **May 1, 2018**, the outstanding amount of the Obligations less any partial payments or suspense balance is **$162,751.18.** This does not include the attorneys' fees and expenses incurred in connection with preparing and pursuing this Motion, which fees and expenses are set forth in more detail below.

5. In addition to the other amounts due to Movant reflected in this Motion, as of the date hereof, in connection with seeking the relief requested in this Motion, Movant has also incurred **$1,031.00** in legal fees and costs. Movant reserves all rights to seek an award or allowance of such fees and expenses in accordance with applicable loan documents and related agreements, the Bankruptcy Code and otherwise applicable law.

6. As of **May 1, 2018**, there is an arrearage deficiency of $**3,933.36** (not including Bankruptcy Fees and Costs mentioned above). This figure is comprised of the following:

| Description | From | To | Quantity | Amount | Total |
| --- | --- | --- | --- | --- | --- |
| Missed Payment Group 1 | 02/01/2018 | 05/01/2018 | 4 | $820.84 | $3,283.36 |
| Proof of Claim Fees and Costs | 03/26/2018 | 03/26/2018 | 1 | $425.00 | $425.00 |
| Plan Review Fees and Costs | 04/03/2018 | 04/03/2018 | 1 | $225.00 | $225.00 |
| Total Arrearage Deficiency (not including Bankruptcy Fees and Costs): | | | | | $3,933.36 |

7. The estimated market value of the Property is **$131,157.00**. The basis for such valuation is **Debtor`s Schedules**.

8. BSI Financial Services services the loan on the Property referenced in this Motion. In the event the automatic stay in this case is modified, this case dismisses, and/or the debtor obtains a

discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of Wilmington Savings Fund Society, FSB d/b/a Christiana Trust, not in its individual capacity but solely as the trustee for the Brougham Fund I Trust, NOTEHOLDER. Note holder, directly or through an agent, has possession of the promissory note. The promissory note is either made payable to Note holder or has been duly endorsed.

9. Cause exists for relief from the automatic stay for the following reasons:

    a    Movant's interest in the Property is not adequately protected.

    b.    Movant's interest in the collateral is not protected by an adequate equity cushion.

    c.    Post-Petition payments have not been received by Movant.

    d.    Pursuant to 11 U.S.C. §362(d)(2)(A), Debtor(s) has/have no equity in the Property; and pursuant to §362(d)(2)(B), the Property is not necessary for an effective reorganization.

WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following:

1. Relief from the stay for all purposes allowed by law, the Note, the **Security Deed**, and applicable law, including but not limited allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2. That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

3. That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

4. For such other relief as the Court deems proper.

RUBIN LUBLIN, LLC

/s/ Lisa F. Caplan                                                      Date:May 30, 2018
Lisa F. Caplan
GA State Bar No. 001304
Rubin Lublin, LLC
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, GA 30071
(877) 813-0992
lcaplan@rubinlublin.com
Attorney for Creditor